[No. 3651.   Decided December 29, 1900.]

THE STATE OF WASHINGTON *on the Relation of T. J. Tanner, as Treasurer of Jefferson County,* v. NEAL CHEETHAM, *State Auditor.*

STATE SCHOOL FUND—APPORTIONMENT—COUNTY INDEBTEDNESS TO STATE—RIGHT OF STATE TO DEDUCT.

The fact that the school fund of a county is indebted to the state on account of taxes levied and collected does not justify the state auditor in deducting any portion of such indebtedness from the amount of the warrant he is required by law to draw in favor of the school fund of any county, when the superintendent of public instruction has apportioned the state school fund to the respective counties and reported same to the state auditor, with direction to issue warrants to the treasurers of the various counties for the respective amounts due them thereunder.

*Original Application for Mandamus.*

*W. W. Felger,* Prosecuting Attorney, for relator.

*Thomas M. Vance,* Assistant Attorney General, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Original application for mandamus. Relator shows that he is the treasurer of Jefferson county; that the respondent is the state auditor; that, during the times mentioned in the application, Hon. Frank J. Browne was superintendent of public instruction of the state, and U. G. Edwards was the county school superintendent of Jefferson county; that in May, 1900, the state auditor certified to the superintendent of public instruction the amount of the state school fund subject to apportionment for the quarter ending May, 1900, and thereupon the superintendent duly apportioned the same to the various counties of the state, and apportioned to the county of Jefferson the sum of $5,098.19; that the apportionment

as aforesaid was duly reported by the superintendent of public instruction to the auditor, with direction to issue warrants to the treasurers of the various counties for the respective amounts of the apportionment; that the superintendent of public instruction also reported to the various county school superintendents the sum apportioned to each county, and that such report was made to said U. G. Edwards as superintendent of Jefferson county; that after such apportionment and report and direction of the superintendent of public instruction, the state auditor refused to issue the warrant for the said sum apportioned to Jefferson county, or any portion thereof, except the sum of $4,297.61, for which a warrant was issued; that the state auditor retains the sum of $800.61, and that relator has duly demanded the warrant for such sum. The respondent (the auditor) admits substantially all the allegations of the relator, but for affirmative defense sets up that the school fund of the county of Jefferson is indebted to the state of Washington in the sum of $2,401.74, on account of moneys levied and collected for school purposes by the county of Jefferson, which moneys were retained by said county, and that the county alleged as its reason for retaining the same that such money was security for certain warrants issued in anticipation of the revenue of the county from said source; that the attention of the county officers had been called to the fact that such county was indebted to the state on account of such moneys improperly retained, and that the auditor suggested to the county officers that the amount so improperly retained by them be taken out of the subsequent apportionments to be made to the county by the proper state officers, and the auditor maintains that it is his duty to adjust the differences between the county and the state.

It is apparent that a legal controversy is suggested between the county of Jefferson and the state. The superin-

tendent of public instruction is charged with the duty of making a general apportionment of the state school fund when such fund is collected and placed in the state treasury. Such apportionment when made places in the state treasury a sum of money to which the school fund of each county is entitled, and the law requires the auditor to issue warrants to the respective county treasurers for the amount due each county. But the auditor assumes that Jefferson county has retained school moneys collected by the county which should have been paid into the state treasury, and that it is the duty of the auditor to determine what, if any, sum has been retained by the county, and to deduct such indebtedness from the amount apportioned to the county by the superintendent of public instruction. The auditor does not possess ordinary judicial functions. He may pass upon the validity and amount of ordinary claims against the state as provided by law. The treasurer surely may require the county of Jefferson to pay over to him any moneys which properly belong to the state, and there is ample power to enforce the collection of such moneys. The revenue law has segregated the public moneys into various funds. Of these different funds each has its special obligation to meet, and so long as such obligation exists a fund may not be diverted to another purpose. The county maintains that the moneys referred to by the auditor in his answer were collected under the current revenue law to meet current school expenses (Laws 1895, p. 297), and that such funds were properly distributed.

But it is not necessary to construe the current revenue law to determine this controversy. Under the law directing the superintendent of public instruction to apportion all said school funds to the respective counties, it becomes the duty of the state auditor to issue his warrant to the proper county officer for the amount due each county. The

answer of the auditor is deemed insufficient, and the writ will issue.

DUNBAR, C. J., and FULLERTON, ANDERS and WHITE, JJ., concur.